

UNITED STATES v. CERTAIN PARCELS OF LAND IN BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK (VETERANS HOSPITAL, NEW YORK et al.).

No. 70, Docket 21436.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1949.

Decided Dec. 28, 1949.

Herschel Rose, Jr., Fairmont, W. Va., for appellant.

D. Paul Camilletti, Assistant United States Attorney, Wheeling, W. Va. (C. Lee Spillers, United States Attorney, Wheeling, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WARLICK, District Judge.

PER CURIAM.

■ This is an appeal in a criminal case by a defendant who was convicted of passing counterfeit currency. Appellant complains of the action of the trial court in ordering the prosecution against him tried along with that against another person charged with a similar offense in connection with the same transaction, in refusing to continue the cases after ordering them consolidated for trial and in permitting the United States Attorney to question defendant on cross examination as to his failure to make beforehand certain contentions made by him in his testimony. None of the questions raised is of sufficient merit to justify discussion. The consolidation and refusal of continuance were matters resting within the Judge's discretion, which was not abused; and the questions which the United States Attorney was permitted to ask were clearly within the limits of proper cross examination, as were his comments thereon in his argument to the jury. There was no error, and the judgment appealed from will be affirmed.

Affirmed.

Goldwater & Flynn, New York City, for Knickerbocker Printing Co., defendant-appellant; Monroe Goldwater, Harry Rodwin and James L. Goldwater, New York City, counsel.

Sohn & Okin, New York City, for appellees; Louis Okin, New York City, counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

302

PER CURIAM.

Appeal dismissed on the ground that the order appealed from is not final and, therefore, not appealable. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911.

**ETTEN v. KAUFFMAN et al.**

**No. 10013.**

United States Court of Appeals Third Circuit.

Argued Jan. 5, 1950.

Filed Jan. 10, 1950.

Ralph Hammar, Erie, Pa., for appellant.

Charles F. Meroni, Chicago, Ill. (Carlton Hill, Chicago, Ill., Isaac J. Silin, Erie, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

PER CURIAM.

The appeal at bar was taken from a judgment of the court below declaring patent No. 2,406,951 to be void and granting certain other relief to Etten which need not be detailed here. The judgment of the court, however, did not dispose of the counterclaim filed by the defendant and of all the issues raised by the plaintiff's assertion that the defendants were engaged in a conspiracy which damaged the plaintiff.

Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "When more than one claim for relief is presented in an action, whether as a claim [or] counterclaim, * * * the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claim."

In the instant case the court below did not enter a final judgment upon all the claims and did not make the determination required by Rule 54(b). It follows that under the circumstances the judgment appealed from is not a final judgment. We therefore must dismiss the appeal. Should, however, the court below see fit on remand to vacate the judgment here appealed from, to file a certificate as required by Rule 54(b) and to render a judgment in con-